[Mills v. Abbeville Southern Railway Company.]

# Mills *v*. Abbeville Southern Railway Company.

## *Action against Common Carrier.*

1. *Action against common carrier; when can not be maintained.* An action can not be maintained against a common carrier for breach of contract, where there is not shown to have existed any contractual relation between the plaintiff and the common carrier.

2. *Same; same; case at bar.*—In an action against a common carrier, the complaint claimed damages for the breach of a contract to issue a bill of lading and for failure to ship thereunder the property described. It was averred in the complaint that a contract was made directly with the plaintiff by the defendant. What is described as a contract for the alleged breach of which plaintiff claims damages, is averred to have been made between the defendant and one T. as the agent of one A. There were no facts averred in the complaint constituting A. plaintiff's agent in the making of the alleged contract by A.'s agent with the defendant. It was averred that the legal title to the property involved was retained in the plaintiff under his contract of sale to A. until the purchase price was paid, and A. was to procure a bill of lading to secure the payment of the purchase price upon the delivery to the consignee of the property at the place of consignment. *Held*: That by said averment A. was not shown to be plaintiff's agent in contracting with the defendant for the shipment of the property under the bill of lading as specified, and there was no contractual relation shown to exist between the plaintiff and the defendant company, and that, therefore, the complaint failed to state a cause of action and was subject to demurrer therefor.

APPEAL from the Circuit Court of Henry.

Tried before the Hon. JOHN P. HUBBARD.

This action was brought by the appellant, J. B. Mills, against the Abbeville Southern Railway Company.

The complaint as amended was in words and figures as follows: "The plaintiff claims of the defendant the sum of seven hundred and fifty dollars for this: that on or about January 19, 1901, the plaintiff being the owner of a large number of bales of cotton, to-wit, 72 bales, in the town of Abbeville, Ala., made and entered into a contract in said town of Abbeville, Ala., to sell said cotton to C. H. Arthur, of Savannah, Ga., and did sell said cotton to said Arthur under and by the terms of which sale the plaintiff was to deliver said cotton at defendant's depot in the said town of Abbeville for transportation and shipment over defendant's line of railway to Savannah, Ga., but the title to said property was to remain in plaintiff until paid for by the purchaser; the agreement between plaintiff and the said Arthur being that when the cotton was so delivered and ready for shipment the said Arthur was to pay the freight charges thereon, obtain a bill of lading thereto in such manner as would protect and secure the Bank at Abbeville in the payment for the cotton, for and on account of said Arthur and deliver said bill of lading to said Bank of Abbeville as aforesaid, and that the title to said property was to remain in plaintiff until the bill of lading was so obtained by said Arthur from defendant and by him delivered to said bank and the purchase price for said cotton paid to plaintiff; that on or about January 19, 1901, one L. G. Trenham, one of the agents of said Arthur in the purchase of said cotton, instructed the railway agent of defendant at its depot in Abbeville, in writing, to issue bills of lading for 189 bales of cotton (which included all the cotton bought by said Arthur from persons in Abbeville, including 72 bales purchased as aforesaid from plaintiff) "as fast as received" as and for being "received" of E. L. Peterson, who was also an agent of and a cotton buyer for said Arthur, and therein to name said E. L. Peterson as consignor for shipment "to order Mr. Robt. Newman, cash, notify C. H. Arthur, Savannah, Ga.," and in said letter of instruction he furnished said railway company's agent the marks, numbers, and weight of all of said cotton, including plaintiff's, for which its bills of lading were to be issued as aforesaid. That then upon and prior to January 23d, 1901, plaintiff delivered

to defendant as common carriers, under the terms of the contract above recited, for transportation and shipment over its line of railway for a reward, to be paid therefor by said Arthur, purchaser as aforesaid; that the defendant failed to issue its bills of lading for fourteen bales of cotton and that some of said fourteen bales of cotton were loaded on defendant's car, along with other cotton and while in defendant's possession, under the terms of said agreement in respect to transportation and shipment, were destroyed by fire; that some others of said fourteen bales of cotton while on defendant's platform under the terms of said agreement were scorched and damaged by fire, while in defendant's possession as aforesaid, and on to-wit, January 23, 1901, that at the time of the loss, damage and destruction by fire of said cotton, it was the property of plaintiff and plaintiff avers it was the obligation of the defendant to have issued its bill of lading in accordance with the instructions above mentioned and to have shipped, transported and delivered said cotton over its line of railway to the consignee, to order Robt. Newman, cash, notify C. H. Arthur, Savannah, Ga. for him and reward to be paid to defendant for its services in the matter of such transportation and delivery; and plaintiff avers that defendant breached its contract in that it failed to transport and deliver said fourteen bales of cotton to the consignee above named. Whereupon plaintiff sustained damages as aforesaid in the sum of seven hundred and fifty dollars."

To this complaint the defendant demurred upon several grounds, among which were the following: 1. Because the facts averred in the complaint fail to show any contractual relation between the plaintiff and defendant. 2. Because upon the facts averred in the complaint it appears that no cause of action lies in plaintiff's favor. 3. Because it appears from the complaint that the alleged contract for transportation, shipment and delivery of said cotton was by and between one Arthur and defendant, and not with the plaintiff, and that upon the facts recited in the complaint plaintiff can not maintain this action.

The defendant's demurrer to the complaint was sus-

tained, and the plaintiff declining to plead further, judgment was rendered in favor of the defendant.

The plaintiff appeals, and assigns as error the rulings of the court in sustaining the defendant's demurrer to the complaint.

PIERCE & PACE, for appellants, cited *W.. U. Tel. Co. v. Millsap,* 135 Ala. 415; *L. & N. R. R. Co. v. Touart,* 97 Ala. 514, and cases there cited.

A. A. WILEY, P. A. McDANIEL and J. M. CHILTON, *contra,* cited 1 American Negligence Cases, 899, 901; *Cen. R. & B. Co. v. Lamplcy,* 76 Ala. 357; *Barron v. Eldridge,* 100 Mass. 457; *Moss v. Railway Co.,* 24 N. H. 71; *Watts v. Railway Co.,* 106 Mass. 466; *Railway Co. v. Montgomery,* 39 Ill. 335; *Lawrence v. Railway Co.,* 15 Minn. 390.

DOWDELL, J.—The action is not against the defendant company on its liability as a common carrier for its breach of duty as such, in the transportation of goods on a bill of lading issued by it, nor for any liability in its capacity as a warehouseman, but the complaint claims for a breach of contract to issue a bill of lading and failure to ship thereunder the property described. There is no pretense that any contract was made directly with the plaintiff by the defendant. What is described as a contract for the alleged breach of which the plaintiff claims damages, is averred to have been made between the defendant company and one Trenham as the agent of one Arthur. The facts stated in the complaint did not constitute Arthur plaintiff's agent in the making of the alleged contract by said Arthur's agent Trenham with the defendant. It is not a case, as is contended by counsel for appellant, of an undisclosed principal suing for the breach of a contract made with his agent. The fact that the legal title to the property was retained in the plaintiff under his contract of sale to Arthur until the purchase price was paid, and that Arthur was to procure a bill of lading that would secure the payment of the

purchase price to the Bank of Abbeville, would not constitute Arthur plaintiff's agent in contracting with the defendant for the shipment of the property under a bill of lading to order of "Newman, cash, notify Arthur." The complaint avers that the sale of the cotton to Arthur was made at Abbeville, and the form of the bill of lading to be procured for shipment to Arthur at Savannah, Ga., was to secure the purchase price. In no other way does the plaintiff attempt to connect himself with the alleged contract between Arthur and the defendant company, and for the alleged breach of which he sues. The demurrer to the complaint on this ground was properly sustained—other grounds need not be considered.

Affirmed.